# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XZAVR MOORE also known as AMBER MOORE,<br><br>Plaintiff,<br><br>v.<br><br>S. TORRES, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00601-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL CLAIMS AND DEFENDANTS, EXCEPT PLAINTIFF'S CLAIM FOR FIRST AMENDMENT RETALIATION AGAINST C. GRIECO**<br><br>(ECF No. 12)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

## I. BACKGROUND

Xzavr Moore aka Amber Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2018, Plaintiff commenced this action by filing a Complaint against Correctional Officers S. Torres, M. Quandt, and D. Glanzer (collectively, "Defendants"). (ECF No. 1). Plaintiff alleged that S. Torres and M. Quandt filed a false rules violation report against her, and D. Glanzer, as hearing officer for the false disciplinary report, was biased against her. *Id.*

On August 21, 2018, the Court screened the Complaint and found that it stated a claim against Defendant D. Glanzer for violation of Plaintiff's procedural due process rights under the Fourteenth Amendment, but failed to state any other claims. (ECF No. 9). The screening order

1

directed Plaintiff to choose one of three options: (1) file a first amended complaint, if she believes additional facts will establish other claims; (2) notify the Court that she wishes to proceed only on the claim found cognizable in the screening order; OR (3) notify the Court that she wishes to stand on the Complaint, subject to the Court issuing to the district judge assigned to this case findings and recommendations consistent with the screening order. *Id.*

On September 11, 2018, Plaintiff filed her First Amended Complaint. (ECF No. 12). For the reasons described below, the Court recommends all claims and defendants, except Plaintiff's claim for First Amendment retaliation against C. Grieco. Plaintiff may file objections within twenty-one days from the date of service of these findings and recommendations.

**II. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges that on Saturday, July 22, 2017, Correctional Officer ("C/O") S. Torres filed a false rules violation report against her, claiming that she refused to move. (ECF No. 12). Plaintiff also alleges that S. Torres told her that C/O M. Quandt instructed him to write the rules violation report. Plaintiff saw M. Quandt a few days later and asked her why she signed off on the false report. M. Quandt responded, "because that's what Torres told me."

Plaintiff further alleges that M. Quandt is S. Torres' supervisor and is responsible for what her employees do on her watch. Plaintiff also alleges that there is no way for her to prove why S. Torres wrote the report because he never said, "I don't like blacks" or "I don't like transgenders." But, she believes her saying that S. Torres is a "rookie" is what "triggered" him to file the false report, and she has record of him admitting that he filed a false report and apologizing for it.

Plaintiff also alleges that on July 1, 2018, S. Torres' close friend or relative, C/O C. Grieco, filed a false report against her, alleging that she disobeyed direct orders to get down during an active alarm. The false report was dismissed after a review of video surveillance footage. Plaintiff alleges that C. Grieco filed the report to retaliate against her because she filed this lawsuit against S. Torres. Plaintiff further alleges that the video surveillance serves as clear evidence that C. Grieco's only motive was to get her in trouble.

Plaintiff is fearful that correctional officers will retaliate or lie by filing a more serious false report. Plaintiff also believes that she may be denied parole in the future because of the false report.

Plaintiff also states that she wishes to withdraw her claims against D. Glanzer.

\\\

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983 Liability

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

**B. Supervisory Liability**

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

Plaintiff alleges that C/O M. Quandt signed off on a false report because her subordinate, S. Torres, told her that the report was accurate. Plaintiff further alleges that M. Quandt should be held liable for the actions of her subordinate. These allegations fail to state a claim for supervisory liability against M. Quandt.

**C. False Disciplinary Report Claim**

Plaintiff alleges that C/O S. Torres and C. Grieco filed false reports against her. The filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is

5

afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted.); *Harper v. Costa*, No. CIVS07-2149LKK DADP, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009), *aff'd*, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for her exercise of a constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning the false report. *See Hines v. Gomez,* 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . ."); *see also Ellis v. Foulk*, No. 14–cv–0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting *Hanrahan*, 747 F.2d at 1140).

Plaintiff does not allege that S. Torres filed a false report against her in retaliation for her exercise of a constitutional right or that she was not afforded procedural due process in a proceeding on the false report. Plaintiff's only allegation against S. Torres is that he filed a false report against her. To the extent Plaintiff explains Torres' motivation for filing the false report, she alleges that he was upset because she identified him as a rookie. Though arguably unfair,

Torres' motive for filing the false report does not appear to be retaliatory. Thus, under the legal standard described above, Plaintiff fails to state a claim against S. Torres.

**D. First Amendment Retaliation**

Plaintiff alleges that C. Grieco filed a false report in retaliation for her filing this lawsuit. Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that C. Grieco filed a false report against her to get her in trouble because she filed this action. Plaintiff further alleges that she fears escalation of retaliatory conduct. Plaintiff states a cognizable claim for First Amendment retaliation against C/O C. Grieco.

**V. CONCLUSION AND ORDER**

The Court has screened the Complaint, and finds that Plaintiff states a claim against C/O C. Grieco for retaliation in violation of the First Amendment. The Court recommends that all other claims and defendants be dismissed, as discussed above.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff an opportunity to amend her allegations with the benefit of the legal standards above. Plaintiff amended and supplemented her complaint, and provided detail regarding the occurrences at issue. Thus, further amendment would be futile.

These findings and recommendations are submitted to the district judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

7

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 7, 2018**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE