UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XZAVR MOORE, also known as AMBER MOORE,<br><br>       Plaintiff,<br><br>    v.<br><br>S. TORRES, *et al*,<br><br>       Defendants. | Case No. 1:18-cv-00601-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO ADD DEFENDANT WITHOUT PREJUDICE<br><br>(ECF NO. 25) |

Xzavr Moore aka Amer Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 13, 2019, Plaintiff filed what is styled as a "Request to Add Another Defendant, Correctional Guard Rubacuira." (ECF No. 25.) While styled as a request to add another defendant it appears that the pleading is actually a motion to amend the First Amended Complaint, which the Court found stated a claim for First Amendment retaliation against Defendant C. Grieco. (ECF No. 12.) The motion does not restate the allegations in the First Amended Complaint such that is complete in itself without reference to the First Amended Complaint.

1

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also Waldrip v. Hall, 548 F.3d at 732.

Plaintiff's request will be denied, without prejudice. "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Local Rule 220. Under this rule, even if Plaintiff is ultimately granted leave to amend, she may not file a supplement to her complaint. If she wishes to add claims and/or defendants, she must file a motion for leave to amend that includes one complaint that is complete in itself. Here, Plaintiff's motion does not contain an amended complaint that is complete in itself without reference to the prior or superseded pleading.

While this request is being denied, Plaintiff may file a motion for leave to amend in compliance with Local Rule 220, which includes a proposed amended complaint that is complete, without reference to any earlier complaint.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's request to add another defendant is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **April 23, 2019**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

2

3