UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XZAVR MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>S. TORRES, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00601-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF NO. 31) |

Xzavr Moore aka Amber Moore ("Plaintiff") is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's Complaint and found that Plaintiff stated a cognizable First Amendment retaliation claim against defendant C. Greico but found no other cognizable claims. The District Judge adopted the undersigned's Findings and Recommendations. (ECF No. 17.)

On April 30, 2019, Plaintiff filed a motion in which she complains that prison staff are opening her legal mail in her absence and without her permission. (ECF No. 31.) She asks the Court to issue a "decree for CCWF to stop opening and reading [her] legal mail." (*Id.*) Specifically, Plaintiff alleges that, prison officials opened her legal mail on both 4/16/19 and

4/26/19 without her permission.

Initially, the Court treats Plaintiff's request for a decree as a request for an injunction to prohibit prison staff from opening or reading Plaintiff's legal mail in her absence. A party seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). To support injunctive relief, there must also be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). This requires a sufficient nexus between the claims raised in the motion for injunctive relief and the claims set forth in the underlying complaint itself. *Id.* The relationship between the preliminary injunction and underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Here, Plaintiff's request for an injunction concerns entirely different conduct than that alleged in her First Amended Complaint, which centered upon allegations that C. Greico filed a false report against Plaintiff in retaliation for Plaintiff's filing of a lawsuit against S. Torres (since dismissed). Moreover, Plaintiff's motion fails to indicate that the legal mail referenced is related to the underlying complaint or otherwise hinders her access to this Court for this case. In sum, Plaintiff has failed to demonstrate a close enough relationship between the proposed injunction and the underlying complaint to allow the Court to issue an injunction. The Court recommends denying Plaintiff's motion for an injunction on this basis.[1]

Accordingly, for there reasons detailed herein, IT IS HEREBY RECOMMENDED that Plaintiff's April 30, 2019 motion for injunctive relief be DENIED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States district judge

---

[1] If in the future, if Plaintiff believes the prison is directly interfering with her ability to litigate this case, Plaintiff may file another motion.

assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within twenty-one (21) days after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 ((9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE