| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| XZAVR MOORE,<br><br>             Plaintiff,<br><br>     v.<br><br>C. GRIECO, et al.,<br><br>             Defendants. | Case No. 1:18-cv-00601-LJO-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(ECF Nos. 43, 47, & 48) |

Plaintiff Xzavr Moore aka Amber Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant C. Grieco ("Defendant") for First Amendment retaliation.

On September 27, 2019, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust available administrative remedies prior to filing suit. (ECF No. 43.)

On January 6, 2020. Magistrate Judge Erica P. Grosjean entered findings and recommendations recommending "(1) that Defendant' Motion for Summary Judgment (ECF No. 43.) be granted and that Plaintiff's claim be dismissed without prejudice; and (2) that the Clerk of Court be directed to close this case." (ECF No. 47.)

1

The Court gave Plaintiff twenty-one (21) days to file objections to the findings and recommendations. While that time period has not yet elapsed, on January 15, 2020, Plaintiff filed a motion to amend her first amendment complaint and stated that she does not "wish to waste the courts [sic] time filing an objection." (ECF No. 48.) Instead, Plaintiff seeks to file an amended complaint, arguing that "all administrative remedies are now exhausted."

The Court treats Plaintiff's motion to amend as a statement of non-objection to the findings and recommendations. At any rate, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this matter. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

As for Plaintiff's motion to amend, the Court finds that the proposed amendment would be futile and DENIES the motion on that basis. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that a motion to amend may be denied as futile). It appears that Plaintiff wishes to amend to clarify that the first amendment retaliation claim is now exhausted. But exhaustion must occur prior to the *filing* of suit—not during the pendency of the litigation. *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (joining other circuit courts to find that an inmate must exhaust *before* filing complaint); *see also Neal v. Goord*, 267 F.3d 116, 123 (2d Cir. 2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."). Accordingly, the proposed amendment would be futile, as Plaintiff admits a failure to exhaust the First Amendment retaliation claim prior to filing the first amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on January 6, 2020, (ECF No. 47.) are ADOPTED in full;
2. Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 43.) is GRANTED;
3. Plaintiff's First Amendment retaliation claim against Defendant C. Grieco is

   DISMISSED WITHOUT PREJUDICE;

 4. Plaintiff's Motion to Amend (ECF No. 48.) is DENIED; and

 5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

 Dated:  **January 17, 2020**     **/s/ Lawrence J. O'Neill**
                    UNITED STATES DISTRICT JUDGE